RECEIVED
IN ALEXANDRIA, LA
JAN - 5 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **PETER ROY ALFRED, JR.** <br> **LA. DOC. #315023** | DOCKET NO. 09-CV-1470; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **DR. ALFONZO PACHECO, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

## O R D E R

Pro se Plaintiff, Peter Roy Alfred, Jr., filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 17, 2009. Plaintiff was allowed to proceed *in forma pauperis,* and he filed amended complaints in October and November 2009. Further review of the court records reveals that since his incarceration, Alfred has filed approximately thirteen civil rights suits and nine appeals, and at least three of those complaints and/or appeals were dismissed as frivolous.[1]

28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **unless the prisoner is under imminent danger of serious physical injury.**

---

[1] See *Alfred v. Forcht Wade Corr. Center, et al.* 09-30423 (5th Cir. November 12, 2009), Judgment.

In his complaint, Plaintiff prays for one hundred million dollars in compensatory and punitive damages. Plaintiff alleges that he is "in imminent danger" because Dr. Pacheco refused to carry out the discharge instructions of LSU hospital after Alfred's hernia surgery on July 23, 2009. Plaintiff complains that Pacheco refused to give him pain medication or antibiotics. In an amended complaint from October 2009, Plaintiff submitted medical records that indicate his incision site was cleaned multiple times, and that Plaintiff had voiced few if any complaints regarding his incision. Those medical records contain notes from July 23, 24, 25, 26, 27, 28, and 29, 2009, while Plaintiff was in the infirmary due to sleep apnea. [Doc. #6, p.10] Plaintiff complains that he was given Motrin by Pacheco rather than Lortab. [Doc. #7, p.3]

The courts have stated that in order to meet the imminent danger requirement of Section 1915(g), the threat must be "real and proximate." Coleman v. Massey, 2009 WL 2462242 (E.D.Tex. 2009)(citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). Allegations of **past harm** do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and **the exception refers to "a genuine emergency" where "time is pressing."** Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 315

(3rd Cir. 2001).

In the present case, Plaintiff has failed to allege facts indicating that he faces a genuine emergency where time is pressing, or even that he faces any substantial risk of harm at all. It is clear that Plaintiff disagrees with the medical treatment post-surgery, but that does not state a claim under the Eighth Amendment, much less sufficiently allege imminent danger. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Because Plaintiff has not submitted non-conclusory allegations that he faces an imminent threat of serious physical injury and because he did not pay the full filing fee, this lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g).

In short, Plaintiff is not eligible to proceed *in forma pauperis* in this matter. Therefore, **IT IS ORDERED** that plaintiff's *in forma pauperis* status [Doc. #5] is hereby **REVOKED** and **RESCINDED**;

**IT IS FURTHER ORDERED** that in order for this complaint to remain viable, Plaintiff must pay the full filing fee of $350.00 within twenty (20) days from the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana this _4th_ day of _January_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE